Mr. Justice Van Orsdel
delivered the opinion of the Court:
This is an appeal from the decision of the Commissioner of Patents, refusing to grant certain claims to appellants, Gustav Dosselman and Percy Neymann, in an application for patent for a composition for removing surface finishes. The following are illustrative of the claims involved in this appeal:.
“9. The substantially fluent finish remover comprising substantially equal parts of ketonic finish-softening material and other miscible finish-softening material and incorporated evaporation-retarding material, including paraffin.”
“15. The substantially fluent finish remover substantially neutral to wood, comprising composite finish-softening material, including aromatic finish-softening material and incorporated colloidal thickening material.”
“23. The substantially fluent finish remover substantially neutral to v?ood, consisting substantially of organic finish-softening material and incorporated substantially solid thickening *213 material, thickening the remover to substantially semi-paste consistency.”
The invention is described by the Board of Examiners-in-Chief as follows: “The original specification of this application covers a composition for removing paint or varnish, consisting of benzol, acetone, and paraffin. It further specifies that instead of benzol, other coal-tar products and petroleum products, such as benzene or alcohol may be substituted, and that instead of paraffin any wax mineral such as hydrocarbon, vegetable such as carnauba, or animal such as fatty acids or beeswax. When the composition is to be made into a semi-paste, coresine wax is added. No equivalent for acetone as an ingredient in the paint remover is referred to.”
The claims under consideration were rejected by the tribunals of the Patent Office on the ground that by the use of the terms “ketonic finish-softening material,” “aromatic finish-softening material,” and similar expressions, appellants had attempted to broaden their claims beyond the scope of their original disclosure, and to cover an invention which had not been made by them prior to the filing of their application. The law relating to this question was discussed at length in the case of Re Ellis, ante, 203, in which claims containing a somewhat similar term were allowed. In that case the applicant had enumerated a large number of ingredients which could be used interchangeably in practising the invention, so that the court felt justified, in the absence of evidence to the contrary, in assuming that the substances embraced within the class called for by the claims were generally capable of accomplishing the desired result. Here, however, the only ketone disclosed in the application is acetone. This seems to have been the only substance appellants had in mind for serving the purpose for which it is used. They confined themselves to this until five years after the filing of their application, during which time the finish-removing art had been extensively developed, when they presented the present claims. There is nothing in their application to warrant the presumption that they had discovered that ketones generally could be used as an ingredient in their *214 composition. The case, therefore, comes within the ruling of the Supreme Court in Re Incandescent Lamp Patent, 159 U. S. 465, 40 L. ed. 221, 16 Sup. Ct. Rep. 75, and the claims were properly rejected.
The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. Affirmed.